UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICKEY LYNCH,<br>*Petitioner*, | )<br>)<br>) | CASE NO. 3:25-cv-00034 (KAD) |
| v. | )<br>) | |
| DAREK PUZIO,<br>*Respondent*. | )<br>) | JANUARY 15, 2025 |

**ORDER DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Kari A. Dooley, United States District Judge:

Before the Court is Petitioner Rickey Lynch's Motion for Leave to Proceed *in forma pauperis*. He requests to proceed in this habeas action, brought pursuant to 28 U.S.C. § 2241, without paying the $5 filing fee. Pet'r.'s Mot., ECF No. 2. For the following reasons, this motion is DENIED.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the Court must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*).

Although not required, *see* Rule 3(a)(2) Governing Habeas Petitions ("a motion for leave to proceed in forma pauperis [must include] the affidavit required by 28 U.S.C. § 1915 and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money … that the petitioner has in any account in the institution"), Lynch submitted his motion to proceed *in forma pauperis* using the District of Connecticut form titled "Prisoner's

Application to Proceed *In Forma Pauperis* in a Civil Rights Action," Pet'r.'s Mot. at 1, and as directed therein attached a copy of his inmate trust fund statement for the past six months. *See* Pet'r.'s Mot. at 5; Account Statement, ECF No. 3.

Lynch's trust fund account statement shows that he has received $1,206.20 in deposits in the last six months. Account Statement at 3. His average daily balance over the last six months is $49.86. *Id.* His current balance is $200.35, *id.* at 2, which is four times his average daily balance. Lynch indicates in his motion that he spends an average of $34.63 per month on commissary items. *See* Pet'r.'s Mot. at 3. Lynch lists no other expenses or financial obligations. *See id.* Given the average daily balance of $49.86 in Lynch's trust fund account, Account Statement at 3, and his average daily spend of $1.15 on commissary, *see* Pet'r.'s Mot. at 3, the Court finds that the burden of paying the $5 filing fee would neither hamper Lynch's ability to obtain the necessities of life nor force him to abandon the action. *Adkins*, 335 U.S. at 339–40. Accordingly, Lynch's Motion for Leave to Proceed *in Forma Pauperis* is DENIED. *See Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (finding that plaintiff could pay the $402 filing fee when he had $492.70 in his trust account); *Koustas v. Williams*, No. 3:18-CV-869 (VLB), 2019 WL 8112458, at *5 (D. Conn. May 22, 2019) (finding that § 2241 petitioner was able to pay the required filing fee based on the total amount in his inmate account and his monthly income).

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Lynch's delivery of the filing fee in the amount of $5 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee within twenty (20) days of the date of this Order, on or before **February 4, 2025**, will result in the dismissal of this action.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of January 2024.

                                            */s/ Kari A. Dooley*
                                            KARI A. DOOLEY
                                            UNITED STATES DISTRICT JUDGE